# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANGELA STEWART** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:08CV1325 LG-RHW** |
| | § | |
| **CITY OF GULFPORT, MISSISSIPPI,** | § | |
| **and POLICE OFFICER MARK JOSEPH,** | § | |
| **in his individual and official capacities** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO DISMISS

BEFORE THE COURT are the Motion to Dismiss Complaint [8] of the City of Gulfport

and Motion to Dismiss [10] of Mark Joseph.  The Plaintiff has filed a response to Joseph's

Motion to Dismiss, but has not responded to the City's Motion.  After due consideration of the

submissions, the Court finds that both Motions should be denied.

FACTS AND PROCEDURAL HISTORY

According to the civil complaint, Angela Stewart alleges that Joseph, a police officer for

the City of Gulfport, stopped her on the evening of July 16, 2007 and accused her of driving

under the influence of alcohol.  Compl. 2.  Stewart denied being under the influence, but Joseph

nonetheless placed her under arrest and handcuffed her.  Compl. 3.  When she told Joseph one of

the handcuffs had come off, he threw her to the ground and beat her.  *Id.*  As a result, Stewart

suffered a "fractured radius, severe sprain back [sic] and 30% loss [of] range of motion."  *Id*.

Stewart brings suit under 42 U.S.C. § 1983 for the alleged use of excessive force by

Joseph.  Reading the Complaint liberally, Stewart appears to allege that Joseph's use of excessive

force was a result of the City's custom or policy.  *Id*. at 4.  She alleges state-law torts of assault,

battery, false arrest and false imprisonment against Joseph.  *Id*. at 5-6.  She also appears to assert

that Joseph committed the tort(s) of negligent and/or intentional infliction of emotional distress. *Id*. at 4. Stewart alleges she sent a notice of claim to the City of Gulfport on July 16, 2008, but the City neither responded to her nor took any action against Joseph.

The City requests dismissal of the § 1983 claim pursuant to FED. R. CIV. P. 12 because, in its view, the only basis Stewart alleges for the City's liability is its vicarious liability for Joseph's actions. The City further urges the Court to decline supplemental jurisdiction of the state-law tort claims, and in the alternative argues that Stewart filed this lawsuit prematurely, prior to expiration of the 90-day notice of claim period in the Mississippi Tort Claims Act, MISS. CODE § 11-46-11. Joseph requests dismissal on the additional grounds of qualified immunity.

DISCUSSION

The United States Supreme Court has set forth the following standard of review for a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, ___, 127 S.Ct. 1955, 2 L.Ed.2d 929, ___ -___ (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*, at -- --, 127 S.Ct. 1955 (slip. op. at 8-9) . . . .

*Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Thus, a plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S. Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Id.* at 1965.

*The Claims Against the City of Gulfport and Joseph in his Official Capacity*:

To the extent that Stewart attempts to impose liability on the City for the actions of its employee, such a claim is clearly proscribed under § 1983. "[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). However, Stewart's allegations include that the City "looked into the conduct of the officers and ratified their actions, thus making them the custom or practice of the Defendant City." Compl. 3. Although there are no other facts in Stewart's Complaint describing the policy or custom that resulted in infringement of Stewart's constitutional rights, her allegations meet the liberal pleading requirements established in Rule 8. She has alleged that the City's policymakers had a policy which allowed Joseph to violate her right to be free from excessive force. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Johnson v. Deep E. Tex. Reg'l. Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004). Accordingly, the City is not entitled to dismissal of Stewart's claim on the basis of insufficiency of the Complaint.

As to the City's assertion that Stewart filed her lawsuit prematurely, "[t]he MTCA specifically requires the plaintiff to wait ninety days after providing notice before maintaining an action against a governmental entity." *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So.2d 1252, 1259 (Miss. 2006). Stewart's notice of claim was delivered to the City on July 16, 2008. Her lawsuit was filed October 14, 2008, which the Court calculates as the 91st day after the notice of claim was delivered. Thus, her lawsuit was timely under the notice provision of the Mississippi Tort

Claims Act.[1]  The City is not entitled to dismissal of the state-law tort claims on the grounds of timeliness.

*Claims Against Officer Joseph in his Personal Capacity*:

In his personal capacity, Joseph asserts he is entitled to qualified immunity from suit. A government official performing discretionary functions is entitled to qualified immunity unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008) (citation omitted). There are two steps in the qualified immunity analysis: (1) the court first determines whether the plaintiff has alleged the violation of a statutory or constitutional right; (2) the court then determines whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Id*.

To establish her claim of excessive force under the Fourth Amendment, Stewart must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir. 2005).  Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case." *Graham v. Connor,* 490 U.S. 386, 396 (1989); *see also Brosseau v. Haugen,*

---

[1]  The City argues that MISS. CODE § 11-46-11(3) requires that the plaintiff also wait 120 days after serving notice to file suit.  This reading of the provision would create a contradiction with § 11-46-11(1), which imposes the 90-day notice period discussed above.  The Court found no case law indicating that § 11-46-11(3) creates a separate notice period.  Instead, the provision operates to toll the MTCA one-year statute of limitations for 120 days, unless the claim is denied earlier by the municipality. *Farmer v. Bolivar County*, 910 So.2d 671, 673-74 (Miss. App. 2005). *See also Banner v. City of Miss.*, 2007 WL 433245, *4 (S.D. Miss. Feb. 5, 2007).  The one-year statute of limitations is not at issue in this case.

543 U.S. 194, 201 (2004) (observing that this "area is one in which the result depends very much on the facts of each case"). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

Joseph contends that Stewart's Complaint "fails to delineate all the necessary and relevant facts and circumstances surrounding the alleged 'force' attributed to this Officer" and "[w]hile the Complaint asserts that Plaintiff was 'thrown to the ground and beat,' there are no specific allegations about what specifically occurred to cause the particular injuries that Plaintiff asserts in the Complaint." Ct. R. 11 p. 7, 8. The Court disagrees with this assessment of the Complaint. The allegations of the Complaint are, of course, just one side of the story, but taken as true, they describe Stewart being thrown to the ground without provocation and beaten during the course of her arrest. The alleged beating resulted in injuries that cannot be described as de minimus. Although Joseph strongly implies that Stewart has not told the whole story of her arrest, he does not provide a competing narrative. There is no attempt to show the objective reasonableness of his treatment of Stewart, who, it appears from the Complaint, merely told Officer Joseph that one of the handcuffs had come off and was beaten in response. This alleged conduct by Joseph was both excessive and unreasonable under the circumstances, and it resulted in injury to Stewart. Therefore, Stewart has alleged the violation of a constitutional right.

Next, the Court must determine whether Joseph's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. When the arrest occurred, Stewart had a clearly established right to be free from excessive force, *Tarver v. City of Edna*, 410 F.3d 745, 753-54 (5th Cir. 2005), and it was clearly established that the

amount of force Joseph could use "depend[ed] on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). The arrest scene described by Stewart is sufficiently egregious to warrant a denial of qualified immunity because a reasonable officer would have known that the degree of force used was unconstitutionally excessive under the circumstances. Accordingly, Joseph's Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Complaint [8] of the City of Gulfport and Motion to Dismiss [10] of Mark Joseph are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2009.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE