UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANGELA STEWART                                                                                           PLAINTIFF

VERSUS                                                                     CIVIL ACTION NO. 1:08CV1325-LG-RHW

CITY OF GULFPORT, MISSISSIPPI et al                                                           DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter comes before the Court *sua sponte*. On October 14, 2008, Plaintiff filed the instant complaint alleging that her civil rights were violated incident to a traffic stop and arrest. She alleged assault and battery, false arrest, and false imprisonment. On December 15, 2009, the Court entered an [29] Order staying the case for a period of 30 days to permit Plaintiff to obtain substitute counsel. By "Text Only Order" dated December 16, 2009, the Court terminated LaQuetta Maria Golden as Plaintiff's counsel of record.

Plaintiff sought and was granted an extension of time on January 20, 2010, to obtain substitute counsel. The Court set a deadline of March 11, 2010, for Plaintiff to obtain substitute counsel or to advise the Court in writing of her intention to proceed pro se. The court-imposed deadline expired; however, Plaintiff made no further communication with the Court. She has not obtained substitute counsel and has not stated her intention to proceed pro se. On May 18, 2010, the Court entered an [32] Order setting a deadline of June 1, 2010 for Plaintiff to show cause why her case should not be dismissed for failure to prosecute and for failure to comply with the Court's previous [31] Order extending the time for her to obtain substitute counsel. The Court cautioned Plaintiff "that failure to respond to this Order may result in the dismissal of her lawsuit." The June 1, 2010, deadline has passed without a response or any further

communication from Plaintiff.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 8th day of June, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
